# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| | § | |
| **v.** | § | **Criminal No.: H-4:19-cr-00234-S** |
| | § | |
| **(1) ASHLEY YEN NGUYEN, a/k/a "DUYEN";** | § | <u>**UNDER SEAL**</u> |
| **Counts 1, 5, 49, 53, 100, 104, 152, 156** | § | |
| | § | |

**(3) TUYEN THAI HUYNH;**
**Counts 1, 49, 100, 152**

**(4) HUNG PHUOC NGUYEN;**
**Counts 1, 49, 100, 152**

**(6) LAN MINH NGUYEN;**
**Counts 1, 47, 49, 98, 100, 150, 152, 202**

**(7) BINH THANH NGUYEN;**
**Counts 1, 48, 49, 99, 100, 151, 152, 203**

**(10) KRISTINE GUZMAN;**
**Counts 1, 8, 49, 56, 100, 107, 152, 159**

**(11) JANIE GONZALEZ;**
**Counts 1, 3, 49, 51, 100, 102, 152, 154**

United States Courts
Southern District of Texas
FILED

*May 08, 2019*

David J. Bradley, Clerk of Court

1

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

 §

**(17)  NAM PHUONG HOANG;**     §
**Counts 1, 7, 49, 55, 100, 106, 152, 158**     §

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████

**(20)  SERGIO MARTINEZ, JR.;**     §
**Counts 1, 9, 49, 58, 100, 110, 152, 162**     §
 §

**(21)  UYEN HA BAO TRAN;**     §
**Counts 1, 10, 49, 59, 100, 111, 152, 163**     §

██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████
██████████████████████████████████████





[redacted]

[redacted]

§
**(47) ADAN ALEXANDER MARTINEZ;** §
**Counts 1, 24, 49, 73, 100, 128, 152, 180** §
§

[redacted]

**(50) HAI THI HONG PHAM;** §
**Counts 1, 26, 49, 74, 100, 125, 152, 177** §
§

[redacted]

**(60) SON TONG LAM;** §
**Counts 1, 32, 49, 81, 100, 133, 152, 185** §

[redacted]





[redacted]

§

(80) MINH LE PHAM; §

Counts 1, 44, 49, 92, 100, 144, 152, 196 §

[redacted]



**(96) TRANG LE NGUYEN,** §
**a/k/a NGUYEN LE THIEN TRANG,** §
**Counts 49, 59, 205, 206** §
§
_____**Defendants.**_____ §

<u>**SUPERSEDING INDICTMENT**</u>

THE GRAND JURY CHARGES THAT:

**INTRODUCTION**

At all times material to this indictment:

1.      (1) ASHLEY YEN NGUYEN, a/k/a DUYEN (hereinafter "DUYEN") is the leader of a criminal organization based in Southwest Houston, Texas.  In addition to having members in Southwest Houston, this criminal organization has associates operating throughout Texas and Vietnam who act in furtherance of its criminal scheme.

2.      This criminal organization is operating a large-scale marriage fraud scheme, in which it creates sham marriages in order to illegally obtain admission and immigrant status for aliens in the United States.  A "sham" marriage is a marriage that is entered into for the primary purpose of circumventing the immigration laws.

3.      DUYEN and her co-conspirators are engaged in a variety of criminal conduct, including, but not limited to, marriage fraud, mail fraud and immigration fraud.

4.      Other leaders, organizers, and facilitators of this criminal organization include Defendants ███████████████████████ (3) TUYEN THAI HUYNH, (4) HUNG PHUOC NGUYEN, ███████████████████████ (6) LAN MINH NGUYEN, (7) BINH THANH NGUYEN, ███████████████████████████████ (10) KRISTINE GUZMAN, (11) JANIE GONZALEZ, and others known and unknown to the grand jury. ████████████████████████

5.      This criminal organization is using at least 5 residences in Houston, Texas in furtherance of its criminal activities.  These include:

        a.      11531 High Star Drive, Houston, Texas 77072;

███████████████████████████████████

███████████████████████████

███████████████████████████████

███████████████████████████████

███████████████████████

This criminal organization is also using other locations of operations in Vietnam.

## IMMIGRATION PROCEDURES

6.      The United States Citizenship and Immigration Services ("USCIS") is a government agency that oversees lawful immigration to the United States and provides the procedures for United States citizens and permanent residents to acquire permanent resident status for their immigration spouses living in the United States and abroad.

7.      To perform this function, USCIS requires persons to submit various immigration forms.  These forms include:

        a.      Form I-130, Petition for Alien Relative ("I-130");

b.      Form I-485, Application to Register Permanent Residence or Adjust Status ("I-485");

c.      Form I-751, Petition to Remove Conditions on Residence ("I-751");

d.      Form I-864, Affidavit of Support Under Section 213A of the INA ("I-864"); and

e.      Form I-129F, Petition for Alien Fiancé(e).

8.      A non-citizen may seek to obtain lawful permanent resident status in the United States based upon his/her valid marriage to a United States citizen.

9.      The United States citizen in such a marriage who applies for such an immigration benefit is hereinafter referred to as a "petitioner." The non-citizen in such a marriage who potentially would receive the immigration benefit as a result of that marriage is referred to as the "beneficiary spouse."

10.      <u>Form I-130</u>. To accord the beneficiary spouse "immediate relative" status, a petitioner must file an I-130 with USCIS. In support of the I-130, among other requirements, a petitioner must submit the marriage certificate and indicate where both the petitioner and beneficiary spouse reside and intend to reside.

11.      <u>Form I-485</u>. Additionally, to adjust the beneficiary spouse's immigration status to that of a lawful permanent resident, the beneficiary spouse must file an I-485 with USCIS. In an I-485, the beneficiary spouse must provide his/her complete marital history and residential history for the past five years. The beneficiary spouse must also indicate in the I-485 if he/she has:

a.      "ever submitted fraudulent or counterfeit documentation to any U.S. Government official to obtain or attempt to obtain any immigration benefit, including a visa or entry into the United States;"

b.    "ever lied about, concealed, or misrepresented any information on an application or petition to obtain a visa, other documentation required for entry into the United States, admission to the United States, or any other kind of immigration benefit;" and

c.    "ever committed a crime of any kind (even if you were not arrested, cited, charged with, or tried for that crime)."

12.    There is no waiting period (other than processing) for the beneficiary spouse to adjust his/her status to that of a lawful permanent resident.  If the I-130 and I-485 are approved, the beneficiary spouse is accorded conditional permanent resident status.  The conditional permanent resident status expires after two years.

13.    Form I-864.  In addition, the beneficiary spouse must also file a Form I-864 which must be signed under penalty of perjury by the petitioner (i.e., his/her United States citizen spouse), in order to establish the beneficiary spouse has adequate means of financial support and is not likely to rely on the United States government for financial support.  In support of an I-864, the beneficiary spouse must submit employment records, asset records, and tax returns of himself/herself, his/her spouse, his/her household members, and/or his/her sponsor in order to establish that their collective income is at least 125 percent of the current Federal poverty line.

14.    Form I-751.  Within ninety days of the conditional permanent resident status expiration, and in order to have the conditions on the beneficiary spouse's permanent resident status removed, the petitioner and the beneficiary spouse must file an I-751 with USCIS.  Absent certification that the United States citizen spouse is deceased, the marriage ended in divorce, the alien spouse suffered domestic violence from the United States citizen spouse, or the alien spouse would suffer an extreme hardship if deported, the petitioner and beneficiary spouse submitting the

I-751 must certify that the marriage was entered in accordance with the laws of the place where the marriage took place and was not for the purpose of procuring an immigration benefit.

15.     Form I-129F.  Furthermore, an I-129F is required if a United States citizen is seeking to have a non-citizen fiancé admitted that that they may get married in the United States. An I-129F is submitted by the United States citizen spouse and allows his/her alien fiancé to enter the United States as a nonimmigrant for the purpose of getting married within ninety days of the alien fiancé's arrival.  Along with the I-129F, the United States citizen petitioner must also submit evidence that he/she actually met the alien fiancé in person within the prior two years, or that there were extreme hardships or strict and long-established customs of the alien fiancé's culture or social practice prohibiting such an in-person meeting.

16.     Persons submitting Forms I-130, I-485, I-864, I-751, and I-129F sign these forms under penalty of perjury and certify all of the information provided is complete, true, and correct.

## CRIMINAL CONSPIRACY

17.     This criminal organization is operating a large-scale marriage fraud scheme in which it creates sham marriages in order to illegally obtain admission and immigrant status for aliens in the United States.  The conspirators will pair aliens seeking these immigration benefits with United States citizens, create sham marriages between them, and then file false forms with USCIS in order to obtain these immigration benefits for the alien.  The conspirators receive monetary payments from these aliens and pay the United States citizens a fee for their role in this conspiracy.

18.     The marriages entered into through this criminal conspiracy are sham marriages in that, among other things:

a.     the spouses do not live together and do not intend to live together, contrary to documents and statements submitted to USCIS;

b.     the spouses only meet briefly, immediately before they obtain their marriage license, or not at all;

c.     the spouses entered into the marriage pursuant to the financial arrangement described in the following paragraphs; and

d.     the spouses enter into the marriage for the primary purpose of circumventing the immigration laws of the United States.

19.     Aliens who seek to obtain admission and immigrant status through a sham marriage arranged by this criminal conspiracy are described below as "beneficiary spouses." In this criminal conspiracy, the beneficiary spouses are non-citizens either living in another country and are seeking admission to the United States, or are in the United States under some temporary non-immigrant status.

20.     The United States citizens who enter into sham marriages with these beneficiary spouses are described below as "petitioners."

21.     Each beneficiary spouse entered in an agreement, which is sometimes written, with DUYEN (1) and a company she does business as, in which the beneficiary spouse agrees to pay the criminal organization a total of up to between approximately $50,000 and $70,000 to obtain full lawful permanent resident status. These agreements are prorated such that the beneficiary spouse agrees to pay an additional amount for each immigration benefit they receive, including, but not limited to:

a.     admission into the United States;

b.     conditional permanent resident status, and

      c.        full lawful permanent resident status.

22.    (1) DUYEN ███████████████████████ have entered into sham marriages themselves as petitioners for beneficiary spouses.

23.    (1) DUYEN, ███████████████████████ and others also recruit other United States citizens to act as petitioners in sham marriages. These petitioners receive a portion of the proceeds this criminal organization receives from the beneficiary spouses.

24.    Furthermore, several individuals that were recruited as petitioners soon after became recruiters themselves. Such individuals include, but are not limited to ████████ ██████████████ (10) KRISTINE GUZMAN, and (11) JANIE GONZALEZ.

25.    This criminal organization also employs individuals to be in charge of receiving the proceeds from the beneficiary spouses and disbursing the payments to the petitioners. Two such employed individuals are (3) TUYEN THAI HUYNH and (7) BINH THANH NGUYEN.

26.    This criminal organization also employs individuals to act as guides for the United States citizen petitioners when they had to travel to Vietnam under the guise that the United States citizen would going to meet his/her fiancé, who, in truth, was a beneficiary spouse paying this criminal organization in order to circumvent United States law. Such individuals include █████ ██████████████████████████████████████████████ ██████████████ (10) KRISTINE GUZMAN.

27.    The criminal organization also prepares, and provides to the petitioner and beneficiary spouse, fake wedding albums containing photographs to make it appear as if they had a wedding ceremony above and beyond a marriage at a courthouse.

28.    This criminal organization also employs individuals to act as drivers to take petitioners and beneficiary spouses to their sham marriage ceremonies, appointments with

immigration officials at USCIS, and meetings with immigration document preparers. One such employed individual is ███████████████████████████████████
███████

29.     For the sham marriages involving non-citizens already in the United States, this criminal organization arranges the filing with USCIS of false Forms I-130, I-485, and I-751.

30.     For the sham marriages and potential sham marriages involving non-citizens abroad, this criminal organization arranges the filing of these false forms, as well as false Forms I-129F with USCIS, as well as false applications for non-immigrant B1/B2 tourist visas in which the beneficiary spouse would claim that he/she is seeking to come to the United States for a temporary period as a tourist, but, in truth, was seeking to come to engage in an aforementioned sham marriage.

31.     The criminal organization also provides false tax, utility, and employment information, and false documentation in support thereof, in order for USCIS to approve the false immigration forms.

## COUNT ONE

**(Conspiracy to Engage in Marriage Fraud)**

Paragraphs 1-31 of the Introduction, and Counts 2-48 of this Indictment, are re-alleged and incorporated herein by reference.

From on or about August 9, 2013, and continuing until on or about April 30, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

(1) ASHLEY YEN NGUYEN, a/k/a DUYEN,

███████████████████

(3) TUYEN THAI HUYNH,

(4) HUNG PHUOC NGUYEN,

███████████████████

(6) LAN MINH NGUYEN,

(7) BINH THANH NGUYEN,

███████████████████

███████████████████

(10) KRISTINE GUZMAN,

(11) JANIE GONZALEZ,

███████████████████

███████████████████

███████████████████

███████████████████

(17) NAM PHUONG HOANG,

(20) SERGIO MARTINEZ, JR.,

(21) UYEN HA BAO TRAN,



(47) ADAN ALEXANDER MARTINEZ,

(50) HAI THI HONG PHAM,

(60) SON TONG LAM,



(80) MINH LE PHAM,



defendants herein, did knowingly and willfully conspire, confederate, and agree with one another and with persons known and unknown to the Grand Jury to commit and attempt to commit the following offenses against the United States contained in Counts 2-48, that is the defendants knowingly conspired to enter into marriages for the purpose of evading any provision of the immigration laws of the United States.

3.      In furtherance of the conspiracy, and to achieve its objects, the defendants committed the overt acts alleged in Paragraphs 1-31 of the Introduction and Counts 2-48 of this Indictment.

**All in violation of Title 18, United States Code, Section 371.**

## COUNTS TWO THROUGH FORTY-EIGHT

**(Marriage Fraud)**

On or about the dates set forth below, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants set forth below did knowingly and unlawfully enter into marriage for the purpose of evading a provision of the immigration laws of the United States.

| Count | Defendants | Date of Marriage (on or about) |
|-------|------------|-------------------------------|
| 2 | ██████████ | ████████ |
| 3 | ██████████<br>(11) JANIE GONZALEZ | June 11, 2014 |

| Count | Defendants | Date of Marriage (on or about) |
|-------|------------|-------------------------------|
| 4 | ██████████████████████ | ████████ |
| 5 | ████████ <br> (1) ASHLEY YEN NGUYEN, a/k/a DUYEN | September 27, 2016 |
| 6 | ████████ | ████████ |
| 7 | (17) NAM PHUONG HOANG ██ | July 21, 2017 |
| 8 | ████████ <br> (10) KRISTINE GUZMAN | November 9, 2017 |
| 9 | (20) SERGIO MARTINEZ, JR. | April 26, 2016 |
| 10 | (21) UYEN HA BAO TRAN █ <br> ████████████████████ | November 29, 2017 |
| 11 | ██████████ | ██████ |
| 12 | ████████████ | ██████ |
| 13 | ████████████ | ██████ |
| 14 | ████████████ | ██████ |
| 15 | ████████████ | ██████ |
| 16 | ████████████ | ██████ |
| 17 | ██████████████ | █████ |
| 18 | ████████ | ████ |
| 19 | ██████████ | ███ |
| 20 | ████████████ | ███ |
| 21 | ██████████ | ██████ |

| Count | Defendants | Date of Marriage (on or about) |
|---|---|---|
| 22 | ██████████████████ | ████████████ |
| 23 | ███████████████████ | ██████████ |
| 24 | (47) ADAN ALEXANDER MARTINEZ | November 4, 2016 |
| 25 | ████████████████████████ | ████████████ |
| 26 | (50) HAI THI HONG PHAM | November 29, 2016 |
| 27 | ██████████ | ████████████ |
| 28 | ████████████████ | ██████████ |
| 29 | ███████████████ | ██████████ |
| 30 | █████████████ | ██████████ |
| 31 | █████████████████ | ████████████ |
| 32 | (60) SON TONG LAM | February 24, 2017 |
| 33 | ████████████████ | ████████████ |
| 34 | ██████████████ | █████████ |
| 35 | █████████████████ | ████████ |
| 36 | ████████████████ | █████████ |
| 37 | ████████████████ | █████████ |
| 38 | ███████████████ | █████████ |
| 39 | ██████████████ | ██████████ |

| Count | Defendants | Date of Marriage (on or about) |
|---|---|---|
| 40 | ██████████████████ | ████████ |
| 41 | ████████████████████ | ███████████ |
| 42 | ████████████████████ | ████████ |
| 43 | ████████████ | ████████ |
| 44 | (80) MINH LE PHAM | August 6, 2018 |
| 45 | ████████████████ | ████████ |
| 46 | ██████████████████████ | ███████████ |
| 47 | (6) LAN MINH NGUYEN | September 2, 2015 |
| 48 | (7) BINH THANH NGUYEN | August 2, 2017 |

All in violation of Title 8, United States Code, Section 1325(c) and Title 18, United States Code, Section 2.

### COUNT FORTY-NINE

**(Conspiracy to Commit Mail Fraud)**

1.     Paragraphs 1-31 of the Introduction and Counts 1-48 and 50-203 of this Indictment, are re-alleged and incorporated herein by reference.

2.     From on or about November 13, 2013, and continuing until on or about April 30, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

(1) ASHLEY YEN NGUYEN, a/k/a DUYEN,

████████████████████

(3) TUYEN THAI HUYNH,

(4) HUNG PHUOC NGUYEN,

███████████████████

(6) LAN MINH NGUYEN,

(7) BINH THANH NGUYEN,

███████████████████████

███████████████

(10) KRISTINE GUZMAN,

(11) JANIE GONZALEZ,

██████████

████████████████

█████████████████

██████████████

████████████████

(17) NAM PHUONG HOANG,

████████████████

████████████████

(20) SERGIO MARTINEZ, JR.,

(21) UYEN HA BAO TRAN,

██████████████████████████████████

██████████████

████████



(47) ADAN ALEXANDER MARTINEZ,



(50) HAI THI HONG PHAM,

(60) SON TONG LAM,



(80) MINH LE PHAM,

██████████████████████

███████████████

███████████

(96) TRANG LE NGUYEN, a/k/a NGUYEN LE THIEN TRANG,

defendants herein, did knowingly conspire, confederate, and agree with each other and with others

known and unknown to the Grand Jury to commit the following offenses against the United States:

to knowingly and willfully, in violation of Title 18, United States Code, Section 1341, execute a

scheme and artifice to defraud United States Citizenship and Immigration Services and obtain

fraudulent marriage licenses and immigration benefits based thereon by means of false and

fraudulent pretenses, representations, and promises and for the purpose of executing and

attempting to execute the above described scheme and artifice to defraud, did place in any post

office and authorized depository for mail, the items set forth in Counts 50-99 below on or about

the dates set forth therein.

3.    In furtherance of the conspiracy, and to achieve its objects, the defendants

committed the overt acts alleged in Paragraphs 1-31 of the Introduction, and Counts 1-48 and 50-

203 of this Indictment.

**All in violation of Title 18, United States Code, Sections 1349 and 1341.**

**COUNTS FIFTY THROUGH NINETY-NINE**

**(Mail Fraud)**

On or about the dates set forth below, in the Houston Division of the Southern District of

Texas and elsewhere within the jurisdiction of the Court, the defendants set forth in the counts

below, aiding and abetting each other and others known and unknown to the Grand Jury, with the

intent to defraud, devised and willfully participated in, with knowledge of its fraudulent manner,

the below-described scheme and artifice to defraud and obtain immigration benefits by materially

false and fraudulent pretenses, representations, and promises, and for the purpose of executing and

attempting to execute the below-described scheme and artifice to defraud and obtain immigration

benefits, the defendants knowingly placed in a United States Postal Service post office and United

States Postal Service authorized depository for mail, to be sent and delivered by the United States

Postal Service, the following:

| Count | Defendants | Date Deposited in Mail (On or about) | Reason Documents Were Fraudulent | Documents Deposited in Mail |
|---|---|---|---|---|
| **50** | ███████ ███████ | ███ | ████████████ ████████████ | ██ |
| **51** | ████ (11) JANIE GONZALEZ | June 21, 2014 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| **52** | ███████ | ██ | ████████████ | ██ |
| **53** | ███ (1) ASHLEY YEN NGUYEN | October 12, 2016 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| **54** | █████ | ███ | ████████████ | ██ |
| **55** | (17) NAM PHUONG HOANG ████ | August 4, 2017 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |

| Count | Defendants | Date Deposited in Mail (On or about) | Reason Documents Were Fraudulent | Documents Deposited in Mail |
|---|---|---|---|---|
| 56 | ▟▀▙ (10) KRISTINE GUZMAN | November 27, 2017 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| 57 | ███ | ██ | ██████ | ██ |
| 58 | (20) SERGIO MARTINEZ, JR. | May 11, 2016 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| 59 | (21) UYEN HA BAO TRAN, ▟▀▙ (96) TRANG LE NGUYEN, a/k/a NGUYEN LE THIEN TRANG | June 1, 2018 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| 60 | ███ | ██ | ██████ | ██ |
| 61 | ███ | ██ | ██████ | ██ |
| 62 | ███ | ██ | ██████ | ██ |

| Count | Defendants | Date Deposited in Mail (On or about) | Reason Documents Were Fraudulent | Documents Deposited in Mail |
|---|---|---|---|---|
| 63 | ███████ | ███ | ████████████████████ | ██ |
| 64 | ███████ | ███ | ████████████████████ | ██ |
| 65 | ███████ | ███ | ████████████████████ | ██ |
| 66 | ███████ | ███ | ████████████████████ | ██ |
| 67 | ███████ | ██ | ████████████████████ | ██ |
| 68 | ███████ | ████ | ████████████████████ | ██ |
| 69 | ███████ | ███ | ████████████████████ | ██ |
| 70 | ███████ | ████ | ████████████████████ | ██ |

| Count | Defendants | Date Deposited in Mail (On or about) | Reason Documents Were Fraudulent | Documents Deposited in Mail |
|---|---|---|---|---|
| **71** | [redacted] | [redacted] | [redacted] | [redacted] |
| **72** | [redacted] | [redacted] | [redacted] | [redacted] |
| **73** | [redacted] (47) ADAN ALEXANDER MARTINEZ | January 26, 2017 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| **74** | (50) HAI THI HONG PHAM [redacted] | January 26, 2017 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| **75** | [redacted] | [redacted] | [redacted] | [redacted] |
| **76** | [redacted] | [redacted] | [redacted] | [redacted] |
| **77** | [redacted] | [redacted] | [redacted] | [redacted] |
| **78** | [redacted] | [redacted] | [redacted] | [redacted] |

| Count | Defendants | Date Deposited in Mail (On or about) | Reason Documents Were Fraudulent | Documents Deposited in Mail |
|---|---|---|---|---|
| | | | █████ | |
| 79 | ███ | ██ | █████ | █ |
| 80 | ███ | ██ | █████ | █ |
| 81 | (60) SON TONG LAM | March 15, 2017 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| 82 | ███ | ██ | █████ | █ |
| 83 | ███ | ██ | █████ | █ |
| 84 | ███ | ██ | █████ | █ |
| 85 | ███ | ██ | █████ | █ |
| 86 | ███ | ██ | █████ | █ |

| Count | Defendants | Date Deposited in Mail (On or about) | Reason Documents Were Fraudulent | Documents Deposited in Mail |
|---|---|---|---|---|
| 87 | ████ | ████ | ████ | ██ |
| 88 | ████ | ████ | ████ | ██ |
| 89 | ████ | ████ | ████ | ██ |
| 90 | ████ | ████ | ████ | ██ |
| 91 | ████ | ████ | ████ | ██ |
| 92 | (80) MINH LE PHAM ████ | August 10, 2018 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| 93 | ████ | ████ | ████ | ██ |
| 94 | ████ | ████ | ████ | ██ |

| Count | Defendants | Date Deposited in Mail (On or about) | Reason Documents Were Fraudulent | Documents Deposited in Mail |
|---|---|---|---|---|
| **95** | ██████ | ██ | ████████ | █ |
| **96** | ██████ | ██ | ████████ | █ |
| **97** | ██████ | ██ | ████████ | █ |
| **98** | (6) LAN MINH NGUYEN | November 5, 2015 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |
| **99** | (7) BINH THANH NGUYEN | September 7, 2017 | Documents submitted included forged signatures, false statements under penalty of perjury, and fictitious addresses, cohabitants, and employment verification letters. | I-130, I-485 |

**All in violation of Title 18, United States Code, Section 1341 and 2.**

## <u>COUNT ONE HUNDRED</u>

### (Conspiracy to Commit Immigration Fraud)

1.      Paragraphs 1-31 of the Introduction and Counts 1-99, and 101-203 of this Indictment are re-alleged and incorporated herein by reference.

2.      From on or about November 18, 2013, and continuing until on or about April 30, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

(1) ASHLEY YEN NGUYEN, a/k/a DUYEN,

████████████████████████

(3) TUYEN THAI HUYNH,

(4) HUNG PHUOC NGUYEN,

████████████████████████

(6) LAN MINH NGUYEN,

(7) BINH THANH NGUYEN,

█████████████████████████████

██████████████████████

(10) KRISTINE GUZMAN,

(11) JANIE GONZALEZ,

████████████

██████████████████

████████████████

██████████████

██████████████████

(17) NAM PHUONG HOANG,

██████████████████

██████████████████

(20) SERGIO MARTINEZ, JR.,

(21) UYEN HA BAO TRAN,

████████████████████████████████████████



(47) ADAN ALEXANDER MARTINEZ,

(50) HAI THI HONG PHAM,

(60) SON TONG LAM,



(80) MINH LE PHAM,

defendants herein, did knowingly and willfully conspire, confederate, and agree with one another and with persons known and unknown to the Grand Jury to commit and attempt to commit the following offenses against the United States contained in Counts 101-151, that is, the defendants knowingly presented and made under oath and subscribed as true false statements with respect to material facts in immigration documents.

3. In furtherance of this conspiracy, and it achieve its objects, the defendants committed the overt acts alleged in Paragraphs 1-31 of the Introduction and Counts 1-99 and 101-203 of this Indictment.

**All in violation of Title 18, United States Code, Section 371.**

**<u>COUNTS ONE HUNDRED ONE THROUGH ONE HUNDRED AND FIFTY-ONE</u>**

**(Immigration Fraud - False and Fraudulent Statements in Immigration Documents)**

On or about the date set forth in the counts below, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants set forth in the counts below, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly present and make under oath and subscribe as true under penalty of perjury under 28 U.S.C. § 1746, a false statement with respect to a material fact in an application, affidavit and document required by the immigration laws and regulations prescribed thereunder, in that:

1. Defendants claimed that they resided with the spouse at the address listed and that the letters and documents verifying such joint residence were truthful and not fictitious;

2. Defendants claimed that that they worked at the jobs listed and that the letters verifying such employment were truthful and not fictitious;

3. Defendants claimed that the signatures contained on their immigration documentation and supporting application were not forged; and

4. Defendants answered "no" to the following questions under oath and penalty of perjury:

   a. Have you ever submitted fraudulent or counterfeit documentation to any U.S. Government official to obtain or attempt to obtain any immigration benefit, including a visa or entry into the United States;

   b. Have you ever lied about, concealed, or misrepresented any information on an application or petition to obtain a visa, other documentation required for entry into the United States, admission to the United States, or any other kind of immigration benefit; and

   c. Have you ever committed a crime of any kind (even if you were not arrested, cited, charged with, or tried for that crime),

which statements the defendants described below knew were false because:

1. Defendants knew they did not reside with the spouse at the address indicated and that documents stating they did were not truthful;

2. Defendants knew they did not work at the jobs listed and that letters stating they did were not truthful;

3. Defendants knew that the signatures claiming to be theirs and others they knew were not their own and of the individuals they knew; and

4. Defendants knew that the documentation submitted was fraudulent and such fraudulent documentation was submitted to obtain an immigration benefit, they had lied and made misrepresentations in the documentation submitted which were submitted for immigration benefits, and they had engaged in marriage fraud.

| Count | Defendants | Date false statement made and application filed (on or about) | Document in which false statement made |
|-------|------------|---------------------------------------------------------------|----------------------------------------|
| 101 | ███████████ ███ | ███████████ | ██ |
| 102 | ███████████████████ (11) JANIE GONZALEZ | June 26, 2014 | I-130, I-485 |
| 103 | ██████████████████ | ███████ | ███ |

| Count | Defendants | Date false statement made and application filed (on or about) | Document in which false statement made |
|---|---|---|---|
| 104 | ██████████ (1) ASHLEY YEN NGUYEN, a/k/a DUYEN | October 12, 2016 | I-130, I-485 |
| 105 | | ██████████ | ██ |
| 106 | (17) NAM PHUONG HOANG ██ | August 14, 2017 | I-130, I-485 |
| 107 | ██████████ (10) KRISTINE GUZMAN | November 30, 2017 | I-130, I-485 |
| 108 | ██████████ | ██████ | ██ |
| 109 | ██████████ | ██████ | ██ |
| 110 | (20) SERGIO MARTINEZ, JR. | May 16, 2016 | I-130, I-485 |
| 111 | (21) UYEN HA BAO TRAN, ██████████ | June 1, 2018 | I-130, I-485 |
| 112 | ██████████ | ██████ | ██ |
| 113 | ██████████ | ██████ | ██ |
| 114 | ██████████ | ██████ | ██ |
| 115 | ██████████ | ██████ | ██ |
| 116 | ██████████ | ██████ | ██ |
| 117 | ██████████ | ██████ | ██ |
| 118 | ██████████ | ██████ | ██ |
| 119 | ██████████ | ██████ | ██ |
| 120 | ██████████ | ██████ | ██ |
| 121 | ██████████ | ██████ | ██ |
| 122 | ██████████ | ██████ | ██ |
| 123 | ██████████ | ██████ | ██ |

| Count | Defendants | Date false statement made and application filed (on or about) | Document in which false statement made |
|---|---|---|---|
| 124 | ███████ | ███████ | ███ |
| 125 | (50) HAI THI HONG PHAM | January 31, 2017 | I-130, I-485 |
| 126 | ███████ | ███████ | ███ |
| 127 | ███████ | ███████ | ███ |
| 128 | (47) ADAN ALEXANDER MARTINEZ | February 2, 2017 | I-130, I-485 |
| 129 | ███████ | ███████ | ███ |
| 130 | ███████ | ███████ | ███ |
| 131 | ███████ | ███████ | ███ |
| 132 | ███████ | ███████ | ███ |
| 133 | (60) SON TONG LAM | March 20, 2017 | I-130, I-485 |
| 134 | ███████ | ███████ | ███ |
| 135 | ███████ | ███████ | ███ |
| 136 | ███████ | ███████ | ███ |
| 137 | ███████ | ███████ | ███ |
| 138 | ███████ | ███████ | ███ |
| 139 | ███████ | ███████ | ███ |
| 140 | ███████ | ███████ | ███ |
| 141 | ███████ | ███████ | ███ |
| 142 | ███████ | ███████ | ███ |
| 143 | ███████ | ███████ | ███ |

| Count | Defendants | Date false statement made and application filed (on or about) | Document in which false statement made |
|-------|------------|-------------------------------------------------------------|----------------------------------------|
| 144 | (80) MINH LE PHAM ██████████ | August 10, 2018 | I-130, I-485 |
| 145 | ██████████████████ | ████████████ | ████ |
| 146 | ████████████████ | ██████████ | ████ |
| 147 | ████████████████ | ██████████ | ████ |
| 148 | ████████████████ | ██████████ | ████ |
| 149 | ████████████████ | ██████████ | ████ |
| 150 | (6) LAN MINH NGUYEN ████████ | November 9, 2015 | I-130, I-485 |
| 151 | (7) BIN THANH NGUYEN █ ████████ | September 11, 2017 | I-130, I-485 |

**All in violation of Title 18, United States Code, Section 1546(a) and 2.**

## COUNT ONE HUNDRED FIFTY-TWO

**(Conspiracy to Make False Statements Under Oath
In Matter Relating To Registry of Aliens)**

1.      Paragraphs 1-31 of the Introduction and Counts 1-151 and 152-203 of this Indictment are re-alleged and incorporated herein by reference.

2.      From on or about November 18, 2013 and continuing until on or about April 30, 2019, in the Houston Division of the Southern District of Texas and elsewhere within the jurisdiction of the Court,

(1) ASHLEY YEN NGUYEN, a/k/a DUYEN,

████████████████

(3) TUYEN THAI HUYNH,

(4) HUNG PHUOC NGUYEN,

(6) LAN MINH NGUYEN,

(7) BINH THANH NGUYEN,

(10) KRISTINE GUZMAN,

(11) JANIE GONZALEZ,

(17) NAM PHUONG HOANG,

(20) SERGIO MARTINEZ, JR.,

(21) UYEN HA BAO TRAN,



(47) ADAN ALEXANDER MARTINEZ,

(50) HAI THI HONG PHAM,

(60) SON TONG LAM,



(80) MINH LE PHAM,

defendants herein, did knowingly and willfully conspire, confederate, and agree with one another and with persons known and unknown to the Grand Jury to commit and attempt to commit the following offenses against the United States contained in Counts 153-203, that is the defendants knowingly made false statements under oath in matters relating to the registry of aliens.

3.     In furtherance of this conspiracy, and to achieve its objects, the defendants committed the overt acts alleged in paragraphs 1-31 of the Introduction and Counts 1-151 and 153-203 of this Indictment.

**All in violation of Title 18, United States Code, Section 371.**

<u>**COUNTS ONE HUNDRED FIFTY-THREE THROUGH TWO HUNDRED THREE**</u>

**(False Statements Under Oath In Matters Relating To Registry Of Alien)**

On or about the dates set forth below, in the Southern District of Texas and elsewhere within the jurisdiction of the Court, the defendants, aiding and abetting each other and others known and unknown to the Grand Jury, did knowingly make a false statement under oath, namely, those identified in Counts 101-151 in the matters set forth below, which relate to, and are under a law of the United States relating to, the registry of aliens.

| Count | Defendants | Date false statement made and application filed (on or about) | Document in which false statement made |
|-------|------------|----------------------------------------------------------------|----------------------------------------|
| 153 | ███████████████ | ████████ | ███ |
| 154 | ███████████████ | ██████ | █ |
| 155 | ███████████████ | ██████ | █ |
| 156 | (1) ASHLEY YEN NGUYEN, a/k/a DUYEN | October 12, 2016 | I-130, I-485 |
| 157 | ██████████ | ██████ | ██ |

48

| Count | Defendants | Date false statement made and application filed (on or about) | Document in which false statement made |
|---|---|---|---|
| **158** | (17) NAM PHUONG HOANG | August 14, 2017 | I-130, I-485 |
| **159** | ███████████ | ███████████ | ███ |
| **160** | ███████████ | ███████ | ███ |
| **161** | ███████████ | █████████ | ███ |
| **162** | (20) SERGIO MARTINEZ, JR. | May 16, 2016 | I-130, I-485 |
| **163** | (21) UYEN HA BAO TRAN, | June 1, 2018 | I-130, I-485 |
| **164** | ███████████ | ██████████ | ███ |
| **165** | ███████████ | ██████████ | ███ |
| **166** | ███████████ | █████████ | ███ |
| **167** | ███████████ | █████████ | ███ |
| **168** | ███████████ | █████████ | ███ |
| **169** | ███████████ | ████████ | ███ |
| **170** | ███████████ | ███████ | ███ |
| **171** | ███████████ | ████████ | ███ |
| **172** | ███████████ | █████████ | ███ |
| **173** | ███████████ | █████████ | ███ |
| **174** | ███████████ | ██████████ | ███ |
| **175** | ███████████ | ██████████ | ███ |
| **176** | ███████████ | ██████████ | ███ |
| **177** | (50) HAI THI HONG PHAM | January 31, 2017 | I-130, I-485 |

| Count | Defendants | Date false statement made and application filed (on or about) | Document in which false statement made |
|---|---|---|---|
| 178 | ███ | ███ | ███ |
| 179 | ███ | ███ | ███ |
| 180 | (47) ADAN ALEXANDER MARTINEZ | February 2, 2017 | I-130, I-485 |
| 181 | ███ | ███ | ███ |
| 182 | ███ | ███ | ███ |
| 183 | ███ | ███ | ███ |
| 184 | ███ | ███ | ███ |
| 185 | (60) SON TONG LAM | March 20, 2017 | I-130, I-485 |
| 186 | ███ | ███ | ███ |
| 187 | ███ | ███ | ███ |
| 188 | ███ | ███ | ███ |
| 189 | ███ | ███ | ███ |
| 190 | ███ | ███ | ███ |
| 191 | ███ | ███ | ███ |
| 192 | ███ | ███ | ███ |
| 193 | ███ | ███ | ███ |
| 194 | ███ | ███ | ███ |
| 195 | ███ | ███ | ███ |
| 196 | (80) MINH LE PHAM | August 10, 2018 | I-130, I-485 |

| Count | Defendants | Date false statement made and application filed (on or about) | Document in which false statement made |
|-------|------------|---------------------------------------------------------------|----------------------------------------|
| 197 | ███████████████████ | ████████████ | ███ |
| 198 | ██████████████████████ | ████████ | ████ |
| 199 | ████████████████████████ | ████████ | ████ |
| 200 | ██████████████████████████ | ████████████ | ████ |
| 201 | ██████████████████████████ | ██████████ | ███ |
| 202 | (6) LAN MINH NGUYEN | November 9, 2015 | I-130, I-485 |
| 203 | (7) BINH THANH NGUYEN | September 11, 2017 | I-130, I-485 |

**All in violation of Title 18, United States Code, Section 1015(a) and 2.**

## COUNT TWO HUNDRED FOUR



## COUNT TWO HUNDRED FIVE

**(Obstructing and Impeding the Due Administration of Justice)**

On or about March 26, 2019, in the Houston Division of the Southern District of Texas,

(96) TRANG LE NGUYEN, a/k/a NGUYEN LE THIEN TRANG,

the defendant, did corruptly and by any threatening communication, influence, obstruct and impede and endeavor to influence, obstruct and impede the due administration of justice in a federal grand jury in the United States District Court for the Southern District of Texas, by, after preparing paperwork associated with one or more of the fraudulent marriages identified in this indictment, informing K.M.N.N., an individual who was a party to one of the fraudulent marriages identified in this indictment and whom had provided information on the scheme to federal law enforcement that was the subject of an ongoing grand jury investigation, that K.M.N.N. should, as a result of her providing such information to law enforcement, go into hiding so as to not be found by federal law enforcement, not engage in any air travel that may alert federal law enforcement to her presence, and not provide any further information to law enforcement.

**In violation of Title 18, United States Code, Section 1503(a).**

## COUNT TWO HUNDRED SIX

**(Tampering With a Witness, Victim, or Informant)**

On or about March 26, 2019, in the Houston Division of the Southern District of Texas,

(96) TRANG LE NGUYEN, a/k/a NGUYEN LE THIEN TRANG,

the defendant, did hinder, delay, prevent the communication by K.M.N.N. to Department of Homeland Security Special Agent Paul Skinner and United States Citizenship and Immigration

Services Investigator and Immigration Officer Ronald Mauldin, law enforcement officers, of information relating to the commission of federal offenses, namely, violations of 8 U.S.C. sec. 1325(a), and 18 U.S.C. secs. 371, 1015, 1341, 1349, and 1546(a), and did knowingly attempt, corruptly persuade, and engage in misleading conduct toward K.M.N.N., and cause and induce K.M.N.N. to withhold testimony before a federal grand jury, and be absent from and evade legal process to appear as a witness before a federal grand jury with the intent to influence, delay, and prevent the testimony of K.M.N.N. in an official proceeding, namely a federal grand jury investigation, by, after preparing paperwork associated with one or more of the fraudulent marriages identified in this indictment, informing K.M.N.N., an individual who was a party to one of the fraudulent marriages identified in this indictment and whom had provided information on the scheme to federal law enforcement that was the subject of an ongoing grand jury investigation, that K.M.N.N. should, as a result of her providing such information to law enforcement, go into hiding so as to not be found by federal law enforcement, not engage in any air travel that may alert federal law enforcement to her presence, and not provide any further information to law enforcement.

**In violation of Title 18, United States Code, Section 1512(b).**

## NOTICE OF CRIMINAL FORFEITURE
## (18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c))

Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States

Code, Section 2461(c), the United States gives notice to defendants,

**ASHLEY YEN NGUYEN, a/k/a DUYEN,**

**TUYEN THAI HUYNH,**

**HUNG PHUOC NGUYEN,**

**LAN MINH NGUYEN,**

**BINH THANH NGUYEN,**

**KRISTINE GUZMAN,**

**JANIE GONZALEZ,**

**NAM PHUONG HOANG,**

**SERGIO MARTINEZ, JR.,**



**UYEN HA BAO TRAN,**

**ADAN ALEXANDER MARTINEZ,**

**HAI THI HONG PHAM,**

**SON TONG LAM,**



**MINH LE PHAM,**



**TRANG LE NGUYEN, a/k/a NGUYEN LE THIEN TRANG,**

that in the event of conviction of an offense in violation of Title 18, United States Code, Sections 1341 or 1349 as charged in Counts Forty-Nine through Ninety-Nine of this Indictment or an offense in violation of Title 18, United States Code, Sections 1503 or 1512 as charged in Counts Two Hundred Five and Two Hundred Six of this Indictment, all property, real or personal, which constitutes or is derived from proceeds traceable to such violation is subject to forfeiture.

<u>NOTICE OF CRIMINAL FORFEITURE</u>
**(18 U.S.C. § 982(a)(6))**

Pursuant to Title 18, United States Code, Section 982(a)(6), the United States gives notice to Defendants

**ASHLEY YEN NGUYEN, a/k/a DUYEN,**

**TUYEN THAI HUYNH,**

**HUNG PHUOC NGUYEN,**

**LAN MINH NGUYEN,**

**BINH THANH NGUYEN,**

██████████████████████████████
███████████████████████████
██████████████

██████████████████████████

**KRISTINE GUZMAN,**

**JANIE GONZALEZ,**

████████████████

██████████████████████

████████████████████████████████████

████████████████

██████████████████████

**NAM PHUONG HOANG,**

██████████████████████

██████████████████████

**SERGIO MARTINEZ, JR.,**

█████████████████████████████████████████████████

**UYEN HA BAO TRAN,**

██████████████████████

████████████████

██████████████

████████████████████

██████████████████████

████████████████



**ADAN ALEXANDER MARTINEZ,**

**HAI THI HONG PHAM,**



**SON TONG LAM,**



**MINH LE PHAM,**

that in the event of conviction of a violation of, or a conspiracy to commit a violation of, Title 18,

United States Code, Section 1546 as charged in Counts One Hundred through One Hundred Fifty-

One of this Indictment or a violation of Title 18, United States Code, Section 1425 as charged in Count Two Hundred Four of this Indictment, the following is subject to forfeiture:

(1) all conveyances, including vessels, vehicles, and aircraft, used in the commission of the offense(s);

(2) all real and personal property that constitutes, or is derived from or is traceable to the proceeds obtained directly or indirectly from the commission of the offense(s); and

(3) all real and personal property that is used to facilitate, or is intended to be used to facilitate, the commission of the offense(s).

<div align="center">**<u>Specific Property</u>**</div>

The property subject to forfeiture includes, but is not limited to, the following:

(1) The real property, including all improvements and appurtenances, located at 11531 High Star Drive, Houston, Texas 77072 and legally described as:

Lot One Hundred Sixty-One (161), in Block Seven (7), of the partial replat of Brays Forest, Section Two (2), a subdivision of Harris County, Texas, according to the map or plat thereof recorded in Volume 161, Page 51 of the Map Records of Harris County, Texas.





[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**Money Judgment**

The United States may seek the imposition of a money judgment.

**Substitute Assets**

In the event that a condition listed in Title 21, United States Code, Section 853(p) exists, the United States will seek to forfeit any other property of the defendants in substitution.

A TRUE BILL:

_____
FOREPERSON OF THE GRAND JURY

RYAN K. PATRICK
United States Attorney, Southern District of Texas


_____

Adam Laurence Goldman
Assistant United States Attorney
Adam.Goldman2@usdoj.gov



_____

Michael Edward Day
Assistant United States Attorney
Michael.Day@usdoj.gov



_____

Eun Kate Suh
Assistant United States Attorney
Eun.Suh@usdoj.gov